UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MENDIOLA SALGADO, | NO. CV 08-03247 SJO |
| Petitioner, | NO. CR 06-00966 SJO |
| v. | **ORDER GRANTING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | |
| Respondent. | [Docket No. 1] |

This matter is before the Court on Petitioner Rafael Mendiola Salgado's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed May 15, 2008.  Respondent United States of America (the "Government") filed a Response, to which Salgado replied.  For the following reasons, Salgado's Motion is GRANTED.

I.   BACKGROUND

On February 1, 2007, Salgado pled guilty pursuant to a plea agreement to being an alien found in the United States after deportation without permission to enter.  (*See* Order of Feb. 1, 2007.)  In the plea agreement, the parties agreed that the United States Probation Office could prepare a presentence report (the "Report") limited to Salgado's criminal history.  (Def.'s Plea

Agreement 8.) The Report assigned 11 criminal history points, including 1 point each for 2004 and 2006 drinking in public convictions. (*See* Order of May 29, 2007.) The Sentencing Table of the advisory United States Sentencing Guidelines provides that 10 to 12 criminal history points establishes a criminal history category of V. 18 U.S.C. Appx. On May 29, 2007, the Court adopted the findings and conclusions of the Report and found Salgado's total offense level to be 17 and the criminal history category to be V. (*See* Order of May 29, 2007.) In accordance with the plea agreement, the Court sentenced Salgado to the low-end of the applicable guideline range and criminal history category: 46 months in prison. (*See* Order of May 29, 2007.)

Now Salgado moves to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 on the ground that he was deprived of ineffective assistance of counsel. The Government concedes that the inclusion of 2 points for Salgado's drinking in public convictions was erroneous, and agrees with Salgado that he should have been sentenced to 37 months.[1] Both Salgado and the Government request that Salgado be resentenced to 37 months imprisonment, a 3 year period of supervised release, and a $100 special assessment.[2]

II.   DISCUSSION

Section 4A1.2(C)(2) of the United States Sentencing Guidelines lists "prior offenses and offenses similar to them, by whatever name they are known, [that] are never counted" in calculating a criminal history category. Included in this list is "public intoxication." Because "drinking in public" is similar to "public intoxication," Salgado's 2 convictions for public intoxication should not have been counted in determining his criminal history category. Therefore, Salgado's sentence is reduced to 37 months imprisonment, the low-end of the guideline range as determined without counting the public intoxication convictions. Salgado's revised sentence is: (1) 37 months imprisonment; (2) a 3 year period of supervised release; and (3) a $100 special assessment.

---

[1] Because the Government agrees that Salgado's sentence was miscalculated and that he should be resentenced to 37 months imprisonment, it did not address whether his counsel was ineffective in failing to appeal the district court's sentencing calculation.

[2] Salgado's reply provides that should the Court grant his motion and impose this sentence, he waives his right to appear for resentencing.

1 | III. RULING

2 | For the above reasons, Salgado's Motion is GRANTED.

3 | IT IS SO ORDERED.

4 | September 17, 2008                                    /S/ S. James Otero

                                                          _____
                                                                S. JAMES OTERO
                                                          UNITED STATES DISTRICT JUDGE